UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| The College Network, Inc., | : | |
| Plaintiff, | : | Case No. 1:10-cv-0370-JMS-DML |
| -vs- | : | Judge Jane Magnus-Stinson |
| Cincinnati Insurance Company, | : | Mag. Judge Debra McVicker Lynch |
| Defendant and Third-Party Plaintiff, | : | |
| -vs- | : | |
| Shannon Greene, | : | |
| Third-Party Defendant. | : | |

**MEMORANDUM OF DEFENDANT/THIRD-PARTY PLAINTIFF
CINCINNATI INSURANCE COMPANY IN SUPPORT OF MOTION TO
RECONSIDER AND REINSTATE ITS AMENDED THIRD-PARTY COMPLAINT
AGAINST THIRD-PARTY DEFENDANTS, GENE MURDEN, CLYDE GEBAUER,
CHAD RADT, DAMON LUSTER, STARLA MANGOLD AND RENE LAGEMANN**

On March 26, 2010, Plaintiff, The College Network, Inc. (TCN), brought suit against Cincinnati Insurance Company (Cincinnati) under the terms of an insurance policy to recover money that Shannon Greene (Greene), TCN's former Commissions Coordinator, fraudulently paid to several of TCN's former sales representatives identified in Exhibit B to TCN's Complaint (Complaint, Doc. 1, and Complaint, Exh. B, Doc. 1-2) and who were joined as parties to this action in Cincinnati's July 23, 2010 Third-Party Complaint (Doc. 25) and November 22, 2010 Amended Third-Party Complaint (Doc. 62). With regard to the relationship between the claims asserted in

-1-

TCN's Complaint against Cincinnati and the claims asserted in the Amended Third-Party Complaint, paragraph 27 alleges:

> 27. Under the terms of Plaintiff TCN's insurance contract attached to the Complaint as Exhibit A and under the common law of Indiana, if judgment is entered in favor of Plaintiff TCN against Defendant and Third-Party Plaintiff Cincinnati, Third-Party Plaintiff Cincinnati is entitled to recover from Third-Party Defendant Greene the full amount of such judgment and a judgment against the other Third-Party Defendants in an amount equal to the amount of excess commissions received by such Third-Party Defendants that is included in any judgment entered against Third-Party Plaintiff Cincinnati in this action.

The basis of Cincinnati's claims, as alleged in paragraph 27, is that Cincinnati has the right to recover any money that Greene fraudulently paid to any of TCN's sales representatives from Greene and/or any of TCN's former sales representatives who received excess compensation as a result of Greene's fraud and failed to return the money they were not entitled to receive. Stated another way, the recipient of stolen property has no right to retain such stolen property. The money stolen from TCN by Greene should be returned to TCN or, upon payment to TCN, to TCN's insurer.

On January 25, 2012, TCN and Cincinnati entered into a compromise settlement of the claims asserted in TCN's Complaint in this action. Under the terms of that settlement, Cincinnati paid TCN $342,000.00. In exchange for Cincinnati's payment, TCN assigned to Cincinnati the right to pursue recovery of its payment from Greene and the Third-Party Defendants who were the direct beneficiaries of Greene's misconduct in paying the Third-Party Defendants money they did not earn and were not entitled to receive from TCN.

Having settled TCN's claim, Cincinnati seeks to have the Court reinstate Cincinnati's Amended Third-Party Complaint against the six sales representatives

identified in Exhibit B to TCN's Complaint and whose employment was terminated by TCN at the same time Greene's employment was terminated: Gene Murden - $161,221.30; Clyde Gebauer - $101,623.59; Damon Luster - $83,371.80; Chad Radt - $80,520.32; Starla Mangold - $35,193.89; and Rene Lagemann - $27,385.30. According to TCN's Complaint, these six sales representatives as a group received excess compensation totaling $489,316.20.

It appears to be beyond dispute that these six Third-Party Defendants were overpaid as a result of Greene's fraud and that each of these Third-Party Defendants, whose employment was terminated by TCN, knew, or should have known, Greene was substantially overpaying them. These are not insignificant amounts, and the sales representatives would be hard-pressed to claim ignorance that they were being substantially overpaid by Greene. In fact, at least two of these six, Clyde Gebauer and Chad Radt, admitted to knowingly colluding with Greene. Clyde Gebauer admitted to TCN that he paid up to $30,000 in kickbacks to Greene. Chad Radt consented to a taped telephone interview with TCN officials. During that interview, he admitted that "if I'm guilty of anything, when my checks were big, was not calling Shannon up and saying Shannon you need to take some of this money back." In the same interview, Chad Radt claimed that Greene sent money to other representatives and they would send her money back, but that while he had kept the extra money she sent him, he never gave her anything of value. Another Third-Party Defendant, Rene Lagemann, denied knowingly receiving overpayments in a recording made with his consent, but offered to make full restitution, stating: "I have all intentions of paying whatever it is back."

Each of these six previously dismissed Third-Party Defendants was an essential and necessary party to the loss paid under TCN's policy. TCN's Employee Dishonesty Coverage Form (Complaint, Exh. A, Doc. 1-1, p. 18.) Additional Definition D.3.a. defines "Employee Dishonesty" to mean:

> . . . only dishonest acts committed by an "employee" . . . **acting alone or in collusion with other persons**, except you [TCN] . . ., with the manifest intent to:
> \* \* \*
> (2)  Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profits sharing, pensions or other employee benefits earned in the normal course of employment) for:
> \* \* \*
> (b)  Any person or organization [the former TCN sales representatives listed on Complaint, Exh. B] intended by the "employee" to receive that benefit [money added "to otherwise legitimate commissions checks" (TCN Brief, Doc. 105, p. 1, ¶ 1)].

(Emphasis added.)

To have a covered loss, TCN had to show that Greene fraudulently overpaid sales representatives money that was not repaid by Greene or the recipient.

Cincinnati seeks reinstatement of its Amended Third-Party Complaint against Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold, and Rene Lagemann under Civil Rule 54(b), which states that unless the Court expressly directs the entry of final judgment on an issue, the court's decision is subject to revision at any time prior to the entry of a final judgment as to all of the claims of all of the parties to an action:

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court should reinstate Cincinnati's claims against the six Third-Party Defendants named above because each was a necessary party to, and beneficiary of, Greene's scheme.  Unlike a number of the beneficiaries of Greene's misconduct, when TCN discovered Greene's scheme, TCN terminated the employment of each of these six Third-Party Defendants. The Court has either original diversity jurisdiction under 28 USC 1332 and/or supplemental jurisdiction under 28 USC 1367 over each of these six Third-Party Defendants.  Civil Rule 19 (a)(1)(A) states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)    in that person's absence, the court cannot accord complete relief among existing parties;

**A.   There Is Diversity of Citizenship for Cincinnati's Third-Party Claims Against Gene Murden, Clyde Gebauer, Chad Radt and Damon Luster.**

28 USC 1332 provides that the Court has jurisdiction based on diversity of citizenship when the third-party plaintiff and the third-party defendants are citizens of different states and the amount in controversy exceeds $75,000.00.  Cincinnati is an Ohio citizen for purposes of diversity.  Gene Murden is alleged to be a citizen of California, and the claim against him is $161,221.38.  (Amended 3PC, Doc. 62, ¶¶ 3 and 17.)  Clyde Gebauer is alleged to be a citizen of California, and the claim against him is $101,623.59.  (Amended 3PC, Doc. 62, ¶¶ 4 and 18.)  Chad Radt is alleged to be a citizen of Florida, and the claim against him is $80,520.32.  (Amended 3PC, Doc. 62, ¶¶ 5 and 20.)  Damon Luster is alleged to be a citizen of Michigan, and the claim against him is $83,371.80.  (Amended 3PC, Doc. 62, ¶¶ 6 and 19.)

Because the claims against Gene Murden, Clyde Gebauer, Chad Radt and Damon Luster in the Amended Third-Party Complaint meet the requirements for diversity jurisdiction, Cincinnati requests that the Court reinstate the Amended Third-Party Complaint against them.

### B. The Court Has Supplemental Jurisdiction Over The Six Third-Party Defendants.

As this Court noted in its February 25, 2011 decision:

> The Court may exercise supplemental jurisdiction over a third-party claim against non-diverse individuals if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *Ball ex rel. Envtl. Conservation & Chem. Corp. Site Trust Fund v. Versar, Inc.,* 2002 U.S. Dist. LEXIS 17389 (S.D. Ind. 2002).

(Doc. 92, p. 4.) The Court noted that since Cincinnati had not paid any claim to that date, Cincinnati was not yet subrogated to TCN's claims. (Doc. 92, p. 5.) Cincinnati has now made payment on TCN's claims and is therefore subrogated to TCN's claims to the extent of Cincinnati's payment. It is clear that TCN terminated the employment of Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold and Rene Lagemann because TCN concluded that evidence established that they may have known about and covered up Greene's scheme in collusion with Greene. For these reasons, TCN terminated their employment. Consequently, the claims against all six Third-Party Defendants are part of the same case or controversy.

### C. Conclusion

For the foregoing reasons, Cincinnati requests that the Court reinstate the Amended Third-Party Complaint as to Third-Party Defendants Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold and Rene Lagemann.

Respectfully submitted,

s/ William H. Woods
William H. Woods, Trial Attorney (Ohio #0006748)
Jonathan M. Bryan (Ohio #0065032), *pro hac vice*
McNamara and McNamara, L.L.P.
88 East Broad Street, Suite 1250
Columbus, OH 43215
Phone: (614) 228-6131
Fax: (614) 228-6126
E-mail: whwoods@mcnamaralaw.us
E-mail: jmbryan@mcnamaralaw.us

-and-

Jon K. Stowell (#18183-03)
Law Office
The Cincinnati Insurance Companies
Market Square Center, Suite 1130
151 North Delaware
Indianapolis, IN 46204
Phone: (317) 632-7146
Fax: (317) 632-7156
E-mail: jon_stowell@staffdefense.com
*Counsel for Defendant/Third-Party Plaintiff*
*Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2012, a copy of the foregoing Memorandum of Defendant/Third-Party Plaintiff Cincinnati Insurance Company in Support of Motion to Reconsider and Reinstate Its Amended Third-Party Complaint Against Third-Party Defendants, Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold and Rene Lagemann was filed electronically.  Notice of this filing will be sent to all parties indicated on the electronic filing receipt by operation of the court's electronic filing system, unless otherwise indicated.  Parties may access this filing through the Court's system.

Thomas A. Brodnik
tbrodnik@dtblegal.com
John J. Moore
jmoore@dtblegal.com
Anthony Ratliff
aratliff@dtblegal.com
Doninger Tuohy & Bailey LLP
50 South Meridian Street, Suite 700
Indianapolis, IN 46204
Counsel for Plaintiff
The College Network, Inc.

Bernie W. (Too) Keller
too@kellermacaluso.com
Eric C. McNamar
emcnamar@kellermacaluso.com
Keller Macaluso LLC
770 3rd Avenue SW
Carmel, IN 46032
Counsel for Third-Party Defendant
Shannon Greene

Robert H. Little
littlelaw@msn.com
Robert Little Law Office
415 North State Road 43
P. O. Box 354
Brookston, IN 47923
Counsel for Rene Lagemann

Jeffrey S. McQuary
jmcquary@brown-tompkins-lory.com
Brown Tompkins Lory
608 East Market Street
Indianapolis, IN 46202
Counsel for Clyde Gebauer

Molly C. Johnson
molly@mojolawoffice.com
Attorney at Law
P. O. Box 1881
Indianapolis, IN 46206-1881
Counsel for Chad Radt

J. David Young
JDYJD@aol.com
Law Office of J. David Young
2910 East 96th Street, Suite A
Indianapolis, IN 46240
Counsel for Starla Mangold

Via regular U.S. mail, postage prepaid:
Gene Murden
41641 Carol Terrace
Fremont, CA 94538

Via regular U.S. mail, postage prepaid:
Damon Luster
14687 Juliana Avenue
Eastpointe, MI 48021

       s/ William H. Woods
   William H. Woods, Trial Atty. (Ohio #0006748)