UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, *as partial subrogee of The College Network, Inc.*,<br>    *Plaintiff*,[1]<br><br>    *vs.*<br><br>SHANNON GREENE,<br>    *Defendant.* | 1:10-cv-0370-JMS-DML |

## ORDER

Presently pending before the Court is Cincinnati Insurance Company's ("Cincinnati") Motion to Reconsider and Reinstate its Amended Third-Party Complaint. [Dkt. 131.] Cincinnati asks the Court to allow it to assert claims against non-parties Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold, and Rene Lagemann. [*Id.*] For the following reasons, the Court converts Cincinnati's motion into a motion for leave to file an amended complaint and denies that motion.

### I.
#### RELEVANT BACKGROUND

A brief review of the procedural posture of this case is necessary to address Cincinnati's motion.

In March 2010, The College Network ("TCN") filed a Complaint against Cincinnati for breach of contract and failure to deal in good faith. [Dkt. 1.] TCN's Complaint was based on Cincinnati's denial of coverage for a $647,899.73 claim TCN made under an Employee Dishon-

---

[1] In light of the settlement between former Plaintiff The College Network and Cincinnati Insurance Company (formerly listed as Defendant/Third-Party Plaintiff), the only remaining claim in this action is the claim Cincinnati asserts against Shannon Greene (formerly listed as Third-Party Defendant). Because the claim between Cincinnati and Ms. Greene is the only remaining claim, Cincinnati is now the Plaintiff, Ms. Greene is now the Defendant, and there is no longer a third-party claim at issue. The docket shall so reflect.

esty insurance policy. TCN's claim was based on the alleged conduct of its Commissions Coordinator, Shannon Greene, who TCN claimed had been paying certain sales representatives inappropriate advances in addition to what they were owed for sales. [Dkt. 1-3 at 3.]

In response to TCN's Complaint, Cincinnati both denied the allegations and filed a third-party claim against Ms. Greene, Gene Murden, Clyde Gebauer, Chad Radt, Damon Luster, Starla Mangold, Rene Lagemann, Beryl Wilder, Chad Mitchell, Francis Murphy, and Nicole Waterford. [Dkt. 62.] Cincinnati's Third-Party Complaint requested that if judgment were entered in favor of TCN, judgment also be entered in favor of Cincinnati against the third-party defendants. [*Id.* at 5-6.]

The Court reviewed Cincinnati's claims in light of its independent duty to confirm whether it has jurisdiction, *see Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007), and ordered Cincinnati to file an Amended Third-Party Complaint alleging why the Court had jurisdiction over its claims, [dkt. 60]. Ultimately, the Court held a hearing regarding its purported jurisdiction over Cincinnati's claims, and Cincinnati asserted that the Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367. [Dkt. 72 at 3.] Specifically, Cincinnati contended that its third-party claim arises out of a "common nucleus of operative facts" that this Court must adjudicate in order to grant the relief TCN demands in its Complaint against Cincinnati. [Dkt. 72 at 6.]

In February 2011, the Court issued an order dismissing the third-party defendants without prejudice, with the exception of Ms. Greene. [Dkt. 92.] The evidence in the record showed that TCN had made a coverage claim based on Ms. Greene's actions alone and that Cincinnati recognized in its denial letter that most of the sales representatives "who received 'inappropriate advances' did not even realize they were being overpaid." [Dkt. 92 at 6 (citing dkt. 1-4 at 3).] The

Court noted that for TCN to prove its claim, it would have to prove that Ms. Greene acted in a dishonest manner covered by the policy and that "as Cincinnati admits, <u>Ms. Greene's</u> intentions are the key issue for determining the amount of covered loss." [Dkt. 92 at 6 (original emphasis).] Accordingly, the Court held that with the exception of the claim against Ms. Greene, Cincinnati's third-party claim was too attenuated from TCN's coverage claim to constitute the same case or controversy for purposes of supplemental jurisdiction. *Id.*

TCN and Cincinnati subsequently settled TCN's claim on January 25, 2012, [dkt. 132 at 2], and that claim was dismissed, [dkt. 128]. Under the terms of the settlement, Cincinnati paid TCN $342,000 and, in exchange, TCN assigned its right to "pursue recovery of its payment from Greene and the [employees] who were direct beneficiaries of Greene's misconduct in paying the [employees] money they did not earn and were not entitled to receive from TCN." [*Id.* at 2.]

On March 27, 2012, Cincinnati filed the instant motion, asking the Court to "reinstate" Cincinnati's third-party claims against six of the ten former TCN sales representatives who had been dismissed—Mr. Murden, Mr. Gebauer, Mr. Luster, Mr. Radt, Ms. Mangold, and Ms. Lagemann. [Dkt. 132 at 2-3.] Cincinnati argues that the Court should reinstate its claims against these six individuals because the Court has diversity jurisdiction over four of them and supplemental jurisdiction over all of them. [*Id.* at 5-6.]

## II.
### DISCUSSION

Cincinnati's motion asks the Court to "reconsider" its previous decision pursuant to Federal Rule of Civil Procedure 54(b), which allows a Court to revise a previous order at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities. [Dkt. 132 at 4.] As relief, Cincinnati "seeks reinstatement" of its previously dismissed claim against six of ten former TCN employees it sued. [*Id.*]

Because Cincinnati's motion asks the Court to allow it to assert a claim against six individuals who are not currently parties to this suit, Cincinnati's motion is actually a request for leave to file an amended complaint adding additional parties.[2] Consequently, the Court will address Cincinnati's argument through that lens.

The Court analyzes jurisdiction over a claim at the claim it is asserted. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (analyzing federal jurisdiction for purposes of removal at time claim is filed in federal court); *see also* 28 U.S.C. § 1367(b) (detailing jurisdictional analysis for claims brought pursuant to various Federal Rules of Civil Procedure if jurisdiction over the original claim is based in diversity).

Cincinnati contends that the Court has diversity jurisdiction over the new claim it seeks to assert against the six former TCN employees previously dismissed from this action. [Dkt. 132 at 5.] The diversity jurisdiction statute has "consistently" been interpreted "as requiring complete diversity." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)). The presence in the action of a sin-

---

[2] As Cincinnati acknowledges in its brief, this case has materially changed since the Court's decision because of the subsequent settlement between Cincinnati and TCN. [Dkt. 132 at 6 (noting that Court's finding at the time of its February 2011 decision that "Cincinnati was not yet subrogated to TCN's claims" and arguing that in light of the January 2012 settlement, Cincinnati "is therefore subrogated to TCN's claims to the extent of Cincinnati's payment").] These changed circumstances are not the proper basis for a motion to reconsider. *See, e.g.*, *Mungongo v. Gonzales*, 479 F.3d 531, 535 (7th Cir. 2007) (noting in the context of an immigration appeal that a motion to reconsider requires the adjudicator to "place itself back in time and consider the case as though a decision in the case on record before it had never been entered"). Instead, a motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). To the extent that Cincinnati asks the Court to reconsider its previous decision, [dkt. 92], Cincinnati has failed to make the requisite showing, and the Court denies that request and reaffirms its previous ruling in all respects.

gle plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Id.*

Determining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial. "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor . . . ." *Allianz Global Risks U.S. Ins. Co. v. Goshen Air Ctr., Inc.*, 2011 WL 843950 (N.D. Ind. 2011). When an insurer "paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949). "Although total subrogation (which is absent here) results in focusing solely on the subrogee's citizenship for diversity purposes, partial subrogation forces a look at both subrogee and subrogor— that is the teaching in *Aetna Casualty*." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008).

Cincinnati became a partial subrogee when it entered into a "compromised settlement" with TCN and paid $342,000 of TCN's $647,899.73 claim.[3] [Dkt. 132 at 2.] Although Cincinnati is an Ohio citizen because it is organized under the laws of Ohio with its principal place of business in Ohio, [dkts. 1 at 1; 17 at 1; 132 at 5], it also acquires TCN's Indiana citizenship because it is TCN's partial subrogee, [dkt. 1 at 1; 17 at 1]. Because Cincinnati is a citizen of Ohio <u>and</u> Indiana for purposes of the claim it seeks to assert and two of the named individuals are In-

---

[3] The Court notes that the claims Cincinnati seeks to assert against the six former TCN employees at issue total $489,316.28, which is almost $150,000 more than it paid TCN. [Dkts. 132 at 5; 62 at 3-4.] This difference confirms that Cincinnati is a partial subrogee.

diana citizens (Starla Mangold and Rene Lagemann), [dkt. 62 at 2], there is not complete diversity and the suit against the six former TCN employees at issue cannot be maintained.[4]

## III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Cincinnati's Motion for Reconsideration. [Dkt. 131.] As has been the case since the Court's order dismissing Mr. Murden, Mr. Gebauer, Mr. Luster, Mr. Radt, Ms. Mangold, and Ms. Lagemann almost fifteen months ago, Cincinnati remains free to file a state court claim against these individuals if it so chooses.

05/17/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail:**

Damon Luster
14687 Juliana Ave.
Eastpointe, MI 48021

Chad Radt
18840 Duquesne Drive
Tampa, FL 33647

---

[4] While Cincinnati makes a cursory plea for the Court to exercise supplemental jurisdiction over its claims, Cincinnati cannot use the supplemental jurisdiction statute to avoid the requirement of complete diversity of citizenship *See* 28 U.S.C. § 1367(b) (providing that in cases where the Court's jurisdiction is founded on diversity, supplemental jurisdiction cannot be invoked "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [diversity jurisdiction]"); *see Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 285 (7th Cir. 1996) ("Under the supplementary jurisdiction statute, if federal jurisdiction is predicated solely on diversity, a district court cannot have supplemental jurisdiction over claims by plaintiffs against persons made parties under Rule 19 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.").

Gene Murden
41641 Carol Terrace
Fremont, CA 94538

**Distribution via ECF only:**

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Jonathan M. Bryan
MCNAMARA AND MCNAMARA, LLP
jmbryan@mcnamaralaw.us

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Robert H. Little
ROBERT H. LITTLE LAW OFFICE
littlelaw@msn.com

Robert John Little
ROBERT LITTLE LAW OFFICES
littlelaw@msn.com

Eric C. McNamar
KELLER MACALUSO LLC
emcnamar@kellermacaluso.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com

John J. Moore
DONINGER TUOHY & BAILEY LLP
jmoore@dtblegal.com

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Jon Kenneth Stowell
LAW OFFICE OF CINCINNATI INSURANCE

jon_stowell@staffdefense.com

Rebecca A. Trent
ROBERT H. LITTLE LAW OFFICE
littlelaw@msn.com

William H. Woods
MCNAMARA AND MCNAMARA LLP
whwoods@mcnamaralaw.us

J. David Young
LAW OFFICE OF J. DAVID YOUNG
jdyjd@aol.com